UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MICHAEL GATES,

                          Petitioner,

        -against-                        MEMORANDUM & ORDER
                                         12-CV-2102 (JS)

JONATHAN KURTZWORTH, Acting
Superintendent of the Orleans
Correctional Facility,

                          Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:        Michael Gates, pro se
                       10-A-3605
                       Wallkill Correctional Facility
                       Route 208, Box G
                       Wallkill, NY 12589

For Respondent:        Cristin Connell, Esq.
                       Nassau County District Attorney's Office
                       262 Old Country Road
                       Mineola, NY 11501

SEYBERT, District Judge:

        Pro se petitioner Michael Gates ("Petitioner")

petitions this Court for a writ of habeas corpus pursuant to 28

U.S.C. § 2254.   For the following reasons, his Petition is

DENIED.

BACKGROUND

        Between July 8, 2009 and September 17, 2009,

Petitioner and two co-conspirators called and text-messaged each

other about plans to sell cocaine in Nassau County.   (Resp't's

Br., Docket Entry 9, ¶ 5.)   On September 17, 2009, Petitioner

was arrested at his home in Flushing, Queens County, New York. (Resp't's Br. ¶ 5.) After searching his home, Nassau County detectives found $70,573.00, 175 grams of heroin, fifty-one grams of cocaine, and thirty-two grams of crack-cocaine. (Resp't's Br. ¶ 5.)

Petitioner was charged with one count of Criminal Possession of a Controlled Substance in the Second Degree (under New York Penal Law ("N.Y.P.L.") § 220.18(1)); three counts of Criminal Possession of a Controlled Substance in the Third Degree (N.Y.P.L. §§ 220.16(1), (12)); one count of Attempted Criminal Sale of a Controlled Substance in the First Degree (N.Y.P.L. §§ 110.00, 220.43(1)); one count of Attempted Criminal Sale of a Controlled Substance in the Third Degree (N.Y.P.L. §§ 110.00, 220.39(1)); one count of Conspiracy in the Second Degree (N.Y.P.L. § 105.15); and one count of Conspiracy in the Fourth Degree (N.Y.P.L. § 105.01(1)). (Resp't's Br. ¶ 6.)

On May 17, 2010, Petitioner pleaded guilty to one count of Criminal Possession of a Controlled Substance in the Third Degree (N.Y.P.L. § 220.16) and one count of Conspiracy in the Fourth Degree (N.Y.P.L. § 105.10(1)). (Plea Tr., Docket Entry 9-3, 9:16-10:4.) Petitioner agreed to forfeit the $70,573 (which was found in his home, supra, and already in possession of the Nassau County Police Department) and to waive any right

to a BMW automobile, which was related to the underlying crimes. (See Plea Tr. 10:8-18.)

Before the court would accept Petitioner's plea, the court asked Petitioner a number of standard plea agreement questions. For example, the court asked Petitioner if he had committed the Class B and Class E felonies to which he was pleading guilty. Petitioner affirmed that he had committed both. (Plea Tr. 12:14-22; 13:4-15.) The court asked Petitioner if he was willing to waive his right to appeal; Petitioner answered affirmatively. (Plea Tr. 15:14-17.) As part of his plea, the court promised to sentence Petitioner to six-years imprisonment, plus two-years of post-release supervision, which Petitioner said he understood. (Plea Tr. 15:21-16:2.)

On June 16, 2010, Petitioner appeared before the same court for a sentencing hearing. At this hearing, Petitioner told the court that he had filed a motion to withdraw his guilty plea. (Hr'g Tr., Docket Entry 9-2, at 3:7-8.) Petitioner argued on three grounds: (1) the court lacked jurisdiction because the drugs were found in Queens County and, therefore, he should not be subject to prosecution in Nassau County (Hr'g Tr. 7:5-15); (2) he did not know he was pleading guilty to a Class E felony; and (3) he believed he was told he would receive one-and-one-half years of post-release supervision. (Hr'g Tr. 4:5-9.) After the court agreed to lower the post-release

supervision term to one-and-one-half years, Petitioner still refused to withdraw his motion. (Hr'g Tr. 6:17-22; 9:17-21.) Out of an "excess of caution", the court agreed to adjourn the hearing so the court could confirm its recollection of the plea hearing. (Hr'g Tr. 16:11-14.) On July 7, 2010, the court denied Petitioner's motion to withdraw his guilty plea. (Sentencing Tr., Docket Entry 9-4, at 9:6-8.) The court sentenced Petitioner to the agreed-upon total of six years imprisonment, plus one-and-one-half years of post-release supervision. (Sentencing Tr. 19:3-23.)

Petitioner appealed the conviction to the New York Appellate Division, Second Department. People v. Gates, 88 A.D.3d 740, 930 N.Y.S.2d 467 (2d Dep't 2011). Petitioner appeal was based upon the same grounds as the present Petition. On October 4, 2011, the Appellate Division affirmed the judgment and Petitioner's sentence. See id. The New York Court of Appeals denied Petitioner's application for leave to appeal. People v. Gates, 18 N.Y.3d 858, 962 N.E.2d 291, 938 N.Y.S.2d 866 (2010).

Petitioner asserts the following grounds: (1) the trial court lacked jurisdiction to accept Petitioner's guilty plea; and (2) Petitioner's appeal waiver is unenforceable because the judgment was illegal and the waiver was not knowing, voluntary, and informed. (See Pet. at 2.)

4

The Court will first address the applicable legal standard before turning to the merits of the Petition.

I.  Legal Standard

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." Harrington v. Richter, --- U.S. ----, 131 S. Ct. 770, 780, 178 L. Ed. 2d 624 (2011).

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(a).

A federal court may grant a writ of habeas corpus to a state prisoner when prior state adjudication of the prisoner's case "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. at § 2254(d)(1). "This is a 'difficult to meet,' and a 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the

doubt.'"  Cullen v. Pinholster, --- U.S. ----, 131 S. Ct. 1388,

1398, 179 L. Ed. 2d 557 (2011) (citations omitted).

During a review of a petition for a writ of habeas

corpus, federal courts presume that the state court's factual

determinations are correct.  See 28 U.S.C. § 2254(e)(1).

A.    Exhaustion

A state prisoner seeking federal habeas review of his

state conviction is required to first exhaust all remedies

available to him in state court.  See 28 U.S.C. § 2254(b)(1)(A).

"Exhaustion requires a petitioner fairly to present the federal

claim in state court."  Jones v. Keane, 329 F.3d 290, 294 (2d

Cir. 2003).  Presentation means a petitioner "has informed the

State court of both the factual and the legal premises of the

claim he asserts in Federal court."  Id. at 295 (internal

quotation marks and citations omitted).

B.    Procedural Default

> In all cases in which a state prisoner has
> defaulted his federal claims in state court
> pursuant to an independent and adequate
> state procedural rule, federal habeas review
> of the claims is barred unless the prisoner
> can demonstrate cause for the default and
> actual prejudice as a result of the alleged
> violation of federal law, or demonstrate
> that failure to consider the claims will
> result in a fundamental miscarriage of
> justice.

Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L.

Ed. 2d 640 (1991).

"If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred, we 'must deem the claim procedurally defaulted.'" Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011) (quoting Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001)).

II. Ground One: Jurisdiction

As the drugs were found in Queens County, and the court sat in Nassau County, Petitioner argues that the court did not have jurisdiction to accept Petitioner's guilty plea. (See Pet. at 5.) This claim is easily dismissed:

> [T]he jurisdictional argument must be rejected because it fails to raise an issue of federal law, which is an essential prerequisite to habeas relief. Although New York has chosen to style § 20.40 of its Criminal Procedure Law in terms of "jurisdiction," the statute is in fact concerned with venue. The State of New York clearly has jurisdiction over the offenses charged. A violation of its laws allocating that jurisdiction among its various counties does not create a federal constitutional issue. As we stated in United States v. Mancusi, 415 F.2d 205, 209 (2d Cir. 1969), "no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law." In Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976), the court dismissed the argument [Petitioner] makes as "frivolous and completely without merit." That assessment applies here as well.

United States ex rel. Roche v. Scully, 739 F.2d 739, 741-42 (2d
Cir. 1984).  The Second Circuit's "assessment applies here as
well."  Petitioner was charged and pleaded guilty under New York
State criminal law.  Petitioner's case was heard by a New York
State judge.  Whether that case was held in Queens County or
Nassau County does not concern Petitioner's constitutional
rights.  Ground One of the Petition is therefore DENIED.

III.  Ground Two: Waiver of Right to Appeal

Petitioner argues that his waiver of his right to
appeal is unenforceable "because the judgment is illegal, and
the waiver of appeal was not knowing, voluntary, and informed."
(Pet. at 5.)

Petitioner's right to appeal was not reviewed by the
Appellate Division.  As such, there has been no adverse ruling
on this issue and, thus, as to this claim, Petitioner has no
basis to seek a writ of habeas corpus.  Moreover, Petitioner
cannot argue that this right was denied by any court.  In fact,
after Petitioner stated at the June hearing that he would not
waive his right to appeal (which he had already waived during
the May hearing), the trial court stated "I'm not asking you to
waive your rights."  (Hr'g Tr. 9:24-10:2.).

After reviewing the transcripts, this Court finds the
trial court and the Appellate Division reasonably held that
Petitioner's guilty plea was knowing, voluntary, and

intelligent.  See 28 U.S.C. § 2254(d)(1).  Accordingly, Ground Two of the Petition is DENIED.

CONCLUSION

For the reasons set forth above, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.  Because there can be no debate among reasonable jurists that Petitioner was entitled to habeas relief, the Court does not issue a Certificate of Appealability. 28 U.S.C. § 2253(c); see also Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Petitioner and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    October   31   , 2014
          Central Islip, NY